## CULLERS & HENRY VS. KENNEDY ET AL.

COURT OF APPEALS, AUSTIN TERM, 1882.

*Attachment—Deed of Assignment—Preferred Creditors.*—Under the insolvent act of 1879 a debtor who does not take the benefit of that act, cannot, in good faith, prefer one or more of his creditors to the exclusion of the remainder, and a deed of assignment which seeks to do this, renders the pretended assignment fraudulent and without effect, and cannot be invoked to place the property of the assignor out of the reach of attachment of other creditors.

Appeal from Fannin county.

Opinion by Winkler, J.

This suit was instituted by the appellants against R. M. Jones before a justice of the peace by attachment. The amount claimed as being due from Jones to the appellants, who were the original plaintiffs, was $119.35. Attachment levied on certain goods found in the possession of Kennedy & Monks, the appellees. The constable who levied the writ of attachment permitted the goods to remain in the possession of Kennedy & Monks, they filing affidavit and claimant's bond for the trial of the right of property. While the suit was pending in the justices' court the death of Kennedy was suggested, and his surviving wife and executrix was made a party to the suit. Judgment was rendered in favor of the claimants by the justice of the peace, from which judgment of the justice, an appeal was taken to the county court, where the claimants were again successful in obtaining judgment, and from that judgment this appeal was prosecuted. The right of the appellees, Kennedy & Monks, is based upon a deed of assignment made by Jones, the original defendant, to the appellees, bearing date February 7, 1881, which purports to convey from Jones to the appellee, "for a valuable consideration, case in hand paid, all of said Jones' stock of family groceries in the town of Bonham." The deed of assignment makes the following recitals : that, "part of the consideration of said transfer is, that said Kennedy & Monks agree to take said stock of goods, wares and merchandise, and run said store ; the expenses to be paid out of the sale of said goods, and also with the proceeds of said goods, said Kennedy & Monks are to pay off and discharge two certain notes for two

hundred dollars each, with a few month's interest on each of said notes, and after said notes were paid, with the further proceeds of said sales said Kennedy & Monks are to pay off and discharge another note for one hundred dollars, with a few month's interest due thereon; all three of said notes being payable to the Fannin County Bank, all against said Jones; upon the first of which said Kennedy is security, upon the second said Monks is security, and upon the third R. W. Campbell is security, and with the further proceeds of sale of said goods, said Kennedy & Monks are to pay Mrs. M. A. Jones five hundred dollars, if sufficient, and it is agreed that said Kennedy & Monks are not to be personally responsible for the payment of said one hundred dollars, or said five hundred dollars, but they agree to faithfully and carefully manage said business, and if the proceeds of said sale are sufficient to pay all of the expenses of carrying on said business, and after paying the said two hundred and said one hundred dollars, the said five hundred dollars is to be paid in full; but if not sufficient to pay it all then they shall pay all on said five hundred dollars that is left, after making the aforesaid payments.

This agreement is attacked as being illegal and not made in compliance with the requirements of the statute laws of the State, providing for and regulating assignments for the benefit of creditors, and not sufficient to pass title to Kennedy & Monks to the prejudice of the rights of creditors.

Counsel for appellee, says in the brief, there is but one question in the case which is, whether the insolvent act of 1879, so changed the law, that, since its passage, a debtor who does not take the benefit of that act, cannot in good faith prefer one or more of his creditors to the exclusion of the remainder.

In our opinion the question propounded by the appellee's counsel must be answered in the negative. The act of March 24, 1879, which took effect July 24, 1879, appendix to the Revised Statutes, p. 5, provides as follows (among other things): That every assignment made by an insolvent debtor or in contemplation of his insolvency, for the benefit of his creditors, shall provide, except as hereinafter provided for, a distribution of all his real and personal estate, other than that which

is by law exempt from execution, among all his creditors i n proportion to their respective claims, and however made, or expressed shall have the effect aforesaid, and shall be construed to pass all such estate, whether specified therein or not, and every assignment shall be proved or acknowledged and certified and recorded in the same manner as is provided by law in conveyances of real estate or other property. (Sec. 1.) Any attempted preference of one creditor or creditors of such assignee shall be deemed fraudulent and without effect. (Sec. 18.)

There are several phases of the deed of assignment which would render it ineffectual as a protection against the attachment of the appellant, besides those stipulations which are in direct conflict with the section of the act of 1879, cited above. There are also other questions arising upon the evidence which would require this court to pass upon if the case were to be remanded for a new trial, but which we have declined to enter upon because not deemed important in determining the controlling questions arising upon the record in this case.

What we decide is, that the portion of the assignment which seeks to prefer certain creditors over others, and to exclude others entirely from any participation in the proceeds arising from a sale of the property assigned, rendered the pretended assignment fraudulent and without effect and cannot be invoked to place the property of the assignor out of the reach of the appellees' attachment. The case having been tried by the court without a jury and the construction of the assignment being of controlling effect, the case will not be remanded for a new trial. The judgment, however, being erroneous will be reversed, and such judgment here rendered as should have been rendered in the county court.